The Memorandum Decision and Order below is hereby
signed.  It is not intended for publication in
West's Bankruptcy Reporter.  Dated: January 23,
2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                          )
                               )
PATRICE A. GOLDSTON,           )   Case No. 07-00657
                               )   (Chapter 7)
              Debtor.          )
```

MEMORANDUM DECISION AND ORDER DISMISSING REQUEST FOR SECTION
362(l)(4) CERTIFICATION AS UNNECESSARY AND CONFIRMING THAT: (1)
THE DEBTOR HAS FAILED TO INVOKE THE PROTECTIONS OF 11 U.S.C. §
    362(l); AND (2) THE EXCEPTION TO THE AUTOMATIC STAY OF §
362(b)(22) APPLIES TO THE EXTENT A LESSOR OBTAINED A PRE-PETITION
JUDGMENT FOR POSSESSION OF THE RESIDENTIAL PROPERTY IN WHICH THE
<u>DEBTOR RESIDES AS A TENANT UNDER A LEASE OR RENTAL AGREEMENT</u>

On December 4, 2007, the debtor filed a voluntary petition, leaving blank the section of the petition captioned "Statement by a Debtor Who Resides as a Tenant of Residential Property," which directs the debtor to indicate which, if any, of the following are applicable:

- Landlord has a judgment against the debtor for possession of debtor's residence.

- Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and filing of the petition.

- Debtor has included in this petition the deposit

> > with the court of any rent that would become due during the 30-day period after the filing of the petition.
>
> - Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

On January 7, 2008, Garfield Hills Apartments, the debtor's landlord, filed a Request for 11 U.S.C. § 362(l)(4) Certification, advising the court that, contrary to the debtor's petition, the debtor's landlord had in fact obtained a pre-petition judgment for possession against the debtor. In light of the debtor's failure to file a certification under 11 U.S.C. § 362(l)(1)(B), Garfield Hills Apartments then requested that the clerk's office serve upon the debtor and lessor certified copies of the docket pursuant to 11 U.S.C. § 362(l)(4) indicating the absence of a filed certification and the applicability of the exception to the stay under 11 U.S.C. § 362(b)(22).

Section 362(b)(22) of 11 U.S.C. provides that the filing of a petition "does not operate as a stay --"

> subject to subsection (l), under subsection (a)(3), of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor . . . .

Section 362(l), to which § 362(b)(22) is made subject, provides the debtor with an opportunity to mitigate or avoid the harsh

2

results of § 362(b)(22). Pursuant to § 362(l)(1), if the debtor files and serves upon the lessor a certification under penalty of perjury that, under nonbankruptcy law, circumstances exist under which the debtor would be permitted to cure the monetary default that gave rise to the judgment for possession, and if the debtor deposits with the clerk any rent that would become due during the 30-day period after the filing of the bankruptcy petition, § 362(b)(22) will not apply until 30 days after the date of the filing of the petition. Pursuant to § 362(l)(2), § 362(b)(22) will not apply at all if, in addition to complying with subsection (l)(1), within 30 days after the filing of the petition the debtor files and serves upon the lessor a further certification under penalty of perjury that the debtor has cured the entire monetary default that gave rise to the judgment, and the lessor does not successfully object to any of the debtor's

certifications.[1]

The debtor in the instant case has not disclosed the existence of any pre-petition judgment for possession and has not purported to invoke the protections of § 362(l) on her petition.[2] Even if the debtor were to amend her petition in an attempt to avail herself of the protections of § 362(l), however, more than 30 days have passed since the filing of the original petition, and the deadline for complying with the certification requirements of § 362(l)(1) and (2) has expired.  The exception to the automatic stay provided for in § 362(b)(22) is self-

---

[1] Section 362(l)(4) addresses the applicability of § 362(b)(22) when a debtor discloses the existence of a pre-petition judgment for possession, but neglects to file the certifications called for under § 362(l)(1) and (2).  It is only under those circumstances - - where the debtor has first indicated on her petition that a judgment for possession was obtained pre-petition and then neglects to file the requisite certifications - - that the statute instructs the clerk's office to serve upon the lessor and the debtor a certified copy of the docket indicating the absence of a filed certification and the applicability of the exception to the stay under subsection (b)(22). 11 U.S.C. § 362(l)(4)(B).  In the instant case, the debtor's petition fails to disclose the existence of a pre-petition judgment for possession, making § 362(l)(4) inapplicable.

[2] The debtor's statement of financial affairs disclosed the existence of a pending eviction proceeding in Superior Court. The court does not reach the issue of whether Garfield Hills Apartments obtained a pre-petition judgment for possession of the type described in § 362(b)(22) or if, instead, the proceeding remained pending as of the petition date.  By this order, the court merely confirms that the exception to the automatic stay provided for in § 362(b)(22) is applicable in this bankruptcy case.

4

executing and automatically applicable if the debtor fails to invoke any of the protections available to her under § 362(l). It is thus

ORDERED that, in the event the debtor's landlord did, in fact, obtain a pre-petition judgment for possession of residential property in which the debtor resides as a tenant under a lease or rental agreement, and because the debtor failed to invoke § 362(l) by disclosing the judgment on her petition and by certifying that she is entitled to and has in fact cured the monetary default giving rise to the judgment, § 362(b)(22)'s exception to the automatic stay of § 362(a)(3) applies.  It is further

ORDERED that Garfield Hills Apartments' request for the clerk's certification of the docket called for under § 362(l)(4)(B) is DISMISSED as unnecessary because such certification is only required and only issues if the debtor, in accordance with § 362(l)(5), <u>first</u> indicates on her petition that a judgment for possession was obtained pre-petition and <u>then</u> neglects to file the necessary certifications regarding her right to cure the default that gave rise to the judgment.  The debtor in this case has made no disclosures with respect to any pre-petition judgments for possession and has made no contention that § 362(b)(22)'s exception to the automatic stay is inapplicable. Accordingly, no certification of the docket that would defeat

such a contention is required.

                                          [Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 7 Trustee; Office of United States Trustee; Phillip L. Felts.